1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MARIA S. WEBB and her minor daughter; SHANA M. GUTHRIE and her minor son; and MARK D. FLATEN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>PREMERA BLUE CROSS,<br><br>    Defendant. | No. C15-539<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

19      Plaintiff Maria S. Webb and her minor daughter; Shana M. Guthrie and her minor son; and

20  Mark D. Flaten, on behalf of themselves and all others similarly situated, by and through their

21  attorneys, allege as follows.

22                          **INTRODUCTION**

23      1.      This is a class action brought on behalf of Plaintiffs Maria S. Webb and her minor

24  daughter; Shana M. Guthrie and her minor son; and Mark D. Flaten ("Plaintiffs"); and all other

25  similarly situated individuals and entities (the "Class") whose personal identifying information,

26  financial information, and medical records were compromised as a result of the data breach that

27  occurred at Premera Blue Cross ("Premera" or "Defendant") on or around May 5, 2014.

28

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

2.      Healthcare system information, such as that stored by Premera, is of particular value to hackers, because of the personal and confidential information it typically contains. Unlike data breaches where only credit card information is stolen, Premera's breach exposed Social Security Numbers, birth dates, names, addresses, and private medical data. Medical data and personal identifying information (such as social security numbers and birth dates) are especially valuable to cyber criminals because they cannot be changed or canceled (unlike credit cards) and can be used to create false records, including identity theft.[1]

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant as its corporate headquarters and principal place of business are located in this District.

5.      Venue properly lies in this District pursuant to 28 U.S.C. § 1391(a)(2) because Defendant conducts substantial business in this District and Defendant's headquarters and principal place of business are located in this District. Defendant has sufficient minimum contacts with the State of Washington and intentionally avails itself of the consumers and markets within the State through the promotion, marketing, and sale of its insurance services and products.

## PARTIES

*Plaintiffs*

6.      Plaintiffs Maria S. Webb along with her daughter, a minor, are residents of Oak Harbor, Washington. In or about 2011, Plaintiffs and her daughter obtained healthcare coverage

---

[1]      Blog by Warwick Ashford, Premera hack exposes 11 million financial and medical records, ComputerWeekly.com, Mar. 18, 2015, 09:45.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1   from Premera Blue Cross in Washington at which time they provided their medical, financial,

2   and personal information to Premera. Plaintiffs have maintained their healthcare coverage

3   through Premera during the relevant time period. In or around November 2014, Ms. Webb

4   learned that an unknown and unauthorized person used her personal and financial information

5   exposed in the data breach alleged herein to open a series of cellular telephone accounts in her

6   name and purchased goods and services in the amount of approximately $700 in connection with

7   that identity theft. Plaintiffs were harmed from the compromise and publicity of their medical,

8   financial, and personal information as a direct and proximate result of the May 5, 2014 malware

9   attack, including identity theft;the hours Plaintiffs spent addressing the consequences of the

10  breach, on her own behalf and on behalf of her daughter; and other damages related to the

11  identity theft. Plaintiffs have not yet received notice of the data breach from Premera.

12          7.      Plaintiffs Shana M. Guthrie along with her son, a minor, are residents of Everett,

13  Washington. In or about January 2014, Ms. Guthrie obtained healthcare coverage from Premera

14  Blue Cross in Washington on behalf of herself and her minor son, at which time she provided her

15  personal and financial information and her son's medical and personal information to Premera

16  Blue Cross. Ms. Guthrie has maintained her own and her minor son's healthcare coverage

17  through Premera during the relevant time period. Plaintiff and her minor son were harmed from

18  the compromise and publicity of their medical, financial, and personal information as a direct

19  and proximate result of the May 5, 2014 malware attack, including the time Ms. Guthrie spent

20  addressing the consequences of the breach, both on her own behalf and on behalf of her son. On

21  or around March 26, 2015, almost one year after the initial breach, Ms. Guthrie, received a letter

22  from the Defendant informing her of the data breach described below.

23          8.      Plaintiff Mark D. Flaten is a resident of Federal Way, Washington. In or about

24  January 2013, Mr. Flaten obtained healthcare coverage from Premera Blue Cross in Washington,

25  at which time he provided his medical, financial, and personal information to Premera. Mr.

26  Flaten has maintained his healthcare coverage through Premera during the relevant time period.

27  Plaintiff was harmed by the compromise and publicity of his medical, financial, and personal

28

COMPLAINT
No. C15-539

- 3 -

1   information as a direct and proximate result of the May 5, 2014 malware attack, including time

2   spent addressing the consequences of the breach. On or around March 26, 2015, almost one year

3   after the initial breach, Mr. Flaten, received a letter from the Defendant informing him of the

4   data breach described below.

5   ***Defendant***

6       9.      Defendant Premera Blue Cross is a Washington corporation with its headquarters

7   and principal place of business in Mountlake Terrace, Washington. Premera is a Blue Cross Blue

8   Shield affiliate that operates primarily in Washington and Alaska. As an insurance provider,

9   Premera is a "covered entity"[2] subject to the Health Insurance Portability and Accountability Act

10  of 1996, Pub. L. 104-191, 110 Stat. 1936 ("HIPAA") rules requiring that Premera protect the

11  privacy and security of health information of its subscribers. Additionally, as an insurance

12  provider, Premera is a "third party payor" pursuant to the Washington Uniform Health Care

13  Information Act. RCW 70.02 *et seq*.

14                          **GENERAL ALLEGATIONS**

15  **Premera's Conduct Prior to the Data Breach**

16      7.      Premera Blue Cross is engaged in the business of insurance. In connection with

17  those services, Premera requires that subscribers, such as Plaintiffs and Class members, provide

18  certain medical, financial, and personal information. Premera makes representations regarding

19  confidentiality of private medical, financial, and personal information on which Plaintiffs and

20  Class members relied in obtaining and purchasing Premera Blue Cross health insurance

21  coverage. For example, Premera's current privacy policy states, "[a]t Premera Blue Cross, we are

22  committed to maintaining the confidentiality of your medical and financial information." 

23  Premera represents that it "take[s] steps to secure our . . . electronic systems from unauthorized

24  access." It further promises "[o]ur privacy policy and practices apply equally to personal

25

26  ────────────

27  [2]      45 C.F.R. 160.103.

28

COMPLAINT
No. C15-539                                    - 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

information about current and former members; we will protect the privacy of your information even if you no longer maintain coverage through us."[3]

8.      Premera provides health insurance services to certain federal government employees. In connection with the provision of those services, Premera's data security systems are audited by the federal government for compliance with federal law and industry standard practices.

9.      Almost one month prior to the May 5, 2014 attack by identity thieves, on April 17, 2014, the United States Office of Personal Management ("OPM") concluded an investigation into Premera's security practices by providing Premera with a draft audit report that outlined ten areas of vulnerability of Premera's electronic and computer security systems and made recommendations for immediate implementation to secure the systems. The OPM determined that Premera was not in compliance with many standards of data security.[4]

10.     Among Premera's vulnerabilities and non-compliant practices, the OPM identified that Premera's failure to promptly install updates and security patches to network systems "increases the risk that vulnerabilities will not be remediated and sensitive data will be breached."[5] Premera responded that it would not completely address this serious security issue until December 31, 2014, over eight months later. In November 2014, Premera announced it would make no changes to its patch updates procedures.

11.     The OPM also reported that Premera used several types of out-of-date software, some of which were no longer even supported by their vendors and others had known security vulnerabilities. The OPM informed Premera that use of such software made Premera's systems

---

[3]      Premera Blue Cross, Notice of Privacy Policies, Sept. 23, 2013 ver., *at* https://www.premera.com/wa/visitor/privacy-policy/ (last visited Apr. 3, 2015).

[4]      *See* U.S. OFFICE OF PERSONNEL MANAGEMENT, FINAL AUDIT REPORT, AUDIT OF INFORMATION SYSTEMS GENERAL AND APPLICATIONS CONTROL AT PREMERA BLUE CROSS 3 (Nov. 18, 2014), *available at* https://www.documentcloud.org/documents/1688453-opm-audit.html (last visited Apr. 2, 2015).

[5]      *See id.* at 6.

COMPLAINT
No. C15-539

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1  vulnerable to "malicious code such as viruses and worms," which could be used by hackers to

2  compromise Premera's systems. Premera responded that it would investigate and remediate this

3  issue, but did not agree to do so until December 31, 2014.

4       12.    Furthermore, the OPM reported that Premera's operating systems were insecurely

5  configured. The OPM specifically warned Premera that insecure configurations could allow

6  hackers or unprivileged users to infiltrate Premera's system, escalate their privileges, and use

7  those privileges to obtain any number of sensitive, proprietary, and confidential information.

8  **Premera's Conduct During and After the Data Breach**

9       13.    On or about May 5, 2014, weeks after these serious warnings, Premera's

10  computer systems were breached by hackers who installed malicious software known as

11  "malware" on Premera's systems and obtained private medical records, including clinical data,

12  member name, date of birth, email address, address, telephone number, Social Security number,

13  member identification numbers, and bank account information (the "Compromised Data")

14  affecting 11 million people, including minors. According to Premera, this malware remained

15  active on Premera's security systems for over eight months, and through at least January 2015.

16  This breach affected all persons and entities who from the period of 2002 through 2015 were

17  insured by or did business with Premera, including other non-Premera Blue Cross insured

18  patients who sought medical or clinical treatment in Washington or Alaska.[6]

19       14.    The malware was active on the affected computer systems until at least January

20  2015, at approximately which time Premera detected the malware on its systems and claims to

21  have taken action to eliminate it from its systems.

22       15.    Yet, Premera took no action until late March 2015 (some two months later) to

23  notify consumers that their private medical, financial, and personal identification information

24  was compromised, published, and exposed, and failed to warn the victims of the risk of identity

25  theft or the exposure of their medical records.

26

27  [6]    http://www.premeraupdate.com/ (last visited Apr. 2, 2015).

28

COMPLAINT
No. C15-539

- 6 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

16.     Purportedly, on March 17, 2015, Premera began to send notification letters to those affected. However, some victims report they still have not been contacted by Premera.

**Premera's Compliance with HIPAA Privacy Rule and the Washington Uniform Health Care Information Act**

17.     Premera breached its duty of care to Plaintiffs and members of the Class by exposing private medical and treatment data in violation of HIPAA.

18.     Health insurers, such as Premera, are required by federal law to cocomply with HIPAA standards regarding the privacy of individually identifiable personal medical data. A negligent disclosure by a health insurance provider of individually identifiable personal medical data that occurs as a result of "a failure to apply reasonable safeguards or the minimum necessary standard" is a violation of HIPAA's privacy rule.

19.     Prior to, during and after the time of the data breach, as demonstrated by the OPM audit report and Premera's responses, Premera did not apply reasonable safeguards to protect its electronic systems.

20.     Premera's clearly failed to comply with HIPAA requirements by failing to routinely update its security patches, hotfixes, and updates; using outdated software with known security vulnerabilities, and not sufficiently updating its operating systems, all of which made Premera vulnerable to the exact type of attack that occurred on May 5, 2014.

21.     The purpose of the HIPAA Privacy Rule is to provide "***a floor*** of national protections for the privacy of their most sensitive information—health information." 67(157) Fed. Reg. 53182, 45 C.F.R. Parts 160 & 164 (Aug. 14, 2002) (emphasis added).

22.     Because HIPAA serves as a floor for protection guidelines, the legislature specifically intended that its requirements may be expanded by state and local legislatures.

23.     These standards require that health insurers, such as Premera, protect against the known threat of hackers, and keep updated software on all systems vulnerable to attack.

24.     Washington's Uniform Health Care Information Act, RCW ch. 70.02, also protects health information from disclosure and sets the standard for duty of care. That law

COMPLAINT
No. C15-539

- 7 -

Law Offices of
**Clifford A. Cantor, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

requires that third-party payors, i.e., insurers such as Premera, "shall not release health care information disclosed under this chapter" unless it otherwise meets certain enumerated exceptions, none of which are applicable in this instance. RCW § 70.02.045 (emphasis added).

25.     Accordingly, by not complying with HIPAA, the Washington Uniform Health Care Information Act, and standard industry security procedures, otherwise failing to take adequate and reasonable measures to ensure its computer systems were protected against data theft, and failing to take actions that could have prevented the breach, Premera did not comply with its duty to protect personal medical, financial, and identification information.

26.     Premera's failure to meet the required standard of care resulted in the disclosure of Plaintiffs' and Class Members' private medical, financial, and personal information, some of which was used to make fraudulent purchases and open up fraudulent accounts, and all of which exposed Plaintiffs and Class members to identity theft, thereby proximately causing the damages suffered by Plaintiffs and the Class.

27.     Correspondingly, Premera failed to disclose to Plaintiffs and members of the Class that its computer systems and security practices were inadequate to reasonably safeguard the medical, financial, and personal information of Plaintiffs and the Class, and, as set forth above, failed to immediately and accurately notify its subscribers about the malware attack and resulting data breach of their medical, financial, and personal information. As a direct proximate result of Premera's negligent and deceitful conduct, Plaintiffs and members of the Class were injured and suffered and continue to suffer damages.

**Premera Failed to Disclose Material Facts to Plaintiffs and the Class**

28.     Premera failed to inform or disclose to the public, including Plaintiffs and members of the Class, material facts that would have influenced the purchasing decisions of Plaintiffs and Class members.

29.     Premera failed to disclose to the public, including Plaintiffs and members of the Class, that its computer and network systems and security practices were inadequate and not up to industry standards regarding the safeguarding of the medical, financial, and personal

COMPLAINT
No. C15-539

- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

identifying information of Plaintiffs and the Class. In fact, Premera misrepresented to Plaintiffs and members of the Class that its electronic systems were secure and that their medical, financial, and personal data was adequately protected.

30.     Premera failed to disclose and affirmatively concealed from Plaintiffs and the Class timely and accurate details about the true nature and extent of the malware attack and consequent breach of their medical, financial, and personal identifying information.

31.     Plaintiffs and members of the Class had an objectively reasonable belief that Premera would maintain their medical, financial, and personal information in a reasonably secure manner, and they provided their medical, financial, and personal information to Premera on that basis for the purpose of purchasing or maintaining insurance from Premera.

32.     Had Premera disclosed to Plaintiffs and members of the Class that it did not have adequate computer system software and attendant security practices to secure subscribers' medical, financial, and personal information, Plaintiffs and the Class would not have paid as much as they did for health insurance coverage with Premera and likely would not have purchased insurance through Premera at all.

33.     As set forth herein, Premera did nothing to rid its systems of the data breach causing malware and continued to expose the medical, financial, and personal from Plaintiffs and Class members long after Premera knew or should have known that its systems were being or had been attacked by malware and that the breach, theft and sale and/or other distribution of the medical, financial, and personal information of Plaintiffs and the Class by hackers were imminent. Premera did this while affirmatively concealing material information about the true nature and extent of the data breach from Plaintiffs and the Class.

34.     As a large sophisticated health care provider, Premera recognizes that its subscribers' medical, financial, and personal information is highly sensitive, must be protected, and, as required by federal and state law, is prohibited from disclosure absent special circumstances not present in this instance.

COMPLAINT
No. C15-539

- 9 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

**The Medical, Financial, and Personal Information of Plaintiffs and the Class is Valuable**

35.     The medical, financial and personal information of subscribers, including that of Plaintiffs and members of the Class, is of great value to criminals.

36.     The FTC warns the public to pay particular attention to how they keep personally identifying information: Social Security numbers, financial information, and other sensitive data. As the FTC notes, "[t]hat's what thieves use most often to commit fraud or identity theft."

37.     Both the federal and Washington State governments recognize that this is especially true as it applies to medical records, which, like Social Security Numbers, are particularly private and sensitive, as well as valuable on the black market.

38.     The information stolen from Premera, including Plaintiffs' and Class members' medical, financial, and personal information, is extremely valuable to thieves. As the FTC recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."

39.     Some cybersecurity experts estimate that medical data is worth 10 times that of credit card data on the black market.[7] Criminals can use the stolen information to create fake identities to buy medical equipment or drugs for resale, or make fraudulent claims with insurers.

40.     At a December 1, 2011 panel of cybersecurity experts, a panel estimated that a single person's medical record was worth approximately $50 on the cyber black market.[8]

41.     The other data released in this data breach, such as name, address, and Social Security Numbers, have significant monetary value as well.

42.     Accordingly, the total value of the data maintained by Premera and exposed, released, and published in this breach amounts to at least hundreds of millions of dollars.

---

[7] Caroline Humer & Jim Finkle, *Your Medical Record Is Worth More to Hackers Than Your Credit Card*, REUTERS, Sept. 24, 2014, at http://www.reuters.com/article/2014/09/24/us-cybersecurity-hospitals-idUSKCN0HJ21I20140924.

[8] Cole Petrochko, *DHC: EHR Data Target for Identity Thieves*, MEDPAGE TODAY, Dec. 7, 2011, at http://www.medpagetoday.com/PracticeManagement/InformationTechnology/30074.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

43.     Medical, financial, and personal information such as that released in this data breach is highly coveted by and a frequent target of hackers. Legitimate organizations and the criminal underground alike recognize the value of such data. Criminals seek medical, personal, and financial information of victims such as Plaintiffs and Class members because they can use biographical data to perpetuate thefts.

44.     The ramifications of Premera's failure to keep Plaintiffs' and Class members' medical, financial, and personal information secure are severe. Identity theft occurs when someone uses another person's medical, financial, and personal information, such as that person's name, address, Social Security Number, medical and insurance information, financial account information, and other information, without permission to commit fraud or other crimes.

45.     According to data security experts, one out of four data breach notification recipients became a victim of identity fraud.

46.     Identity thieves can use personal information such as that of Plaintiffs and the Class, which Premera failed to keep secure, to perpetuate a variety of crimes that harm the victims including immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, filing fraudulent insurance claim, fraudulent purchasing drugs or medical devices, filing a fraudulent tax return using the victim's information to obtain a fraudulent refund, fraudulently obtaining a loan tied to the victim's credit and personal information, and fraudulently opening other accounts in the name of the victim. The United States government and privacy experts acknowledge that it may take years for identity theft to come to light. That is particularly true where, as here, some Plaintiffs and members of the Class are minors.

47.     In addition, identity thieves may get medical services using consumers' lost information or commit any number of other frauds, such as obtaining a job, procuring housing, or even giving false information to police during an arrest.

COMPLAINT
No. C15-539

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

48.     A cyber black market exists in which criminals openly post and sell stolen medical records, financial information, Social Security numbers, and other personal information on a number of Internet Web sites.

49.     The medical, financial, and personal information that Premera failed to adequately protect and that was released in the Premera data breach, including the information of Plaintiffs and Class members, is of utmost importance to would-be identity thieves, because, among other things, identity thieves can use victims' medical, financial, and personal data to open new financial accounts and incur charges in another person's name, take out loans in another person's name, fraudulently obtain medical care, or submit fraudulent insurance claims.

50.     At least one Plaintiff has suffered from identity theft as a result of this breach.

51.     Because Premera did not adequately protect Plaintiffs' and Class members' medical, financial, and personal information, Plaintiffs' and Class Members' data has been sold on the black market and utilized to open fraudulent accounts, such as those outlined above. Plaintiffs and Class Members continue to suffer ongoing harm as a result of the breach of Premera's computer and network systems.

## CLASS ALLEGATIONS

52.     This action is brought on behalf of Plaintiffs, individually, and as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of a Nationwide Class of Blue Cross Blue Shield subscribers. Specifically, the Nationwide Class consists of:

> All individuals and entities whose medical, financial, and/or personal information was compromised as a result of the data breach disclosed by Premera on March 17, 2015.

53.     In the alternative to the Nationwide Class, and pursuant to Fed. R. Civ. P. 23(c)(5), Plaintiffs seeks to represent the following state subclass (the "Washington Class"):

> All individuals and entities residing in Washington or who sought treatment in Washington whose medical, financial, and/or personal information was compromised as a result of the data breach disclosed by Premera on March 17, 2015.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

54.     The rights of each member of the Class were violated in a similar fashion based upon Premera's uniform actions.

55.     This action has been brought and may be properly maintained as a class action for the following reasons:

a.      <u>Numerosity</u>: Members of the Class are so numerous that their individual joinder is impracticable, as the proposed Class appears to include millions of members. While the precise number of Class members has not yet been determined, Premera has admitted that the medical, financial, and/or personal identification records of eleven million Class members were likely compromised in the data breach.

b.      <u>Existence and Predominance of Commons Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

i.      whether Premera engaged in the wrongful conduct alleged herein;

ii.     whether Premera conduct was deceptive, unfair, or unlawful;

iii.    whether Premera's conduct was likely to deceive a reasonable person;

iv.     whether Premera owed a duty to Plaintiffs and members of the Class to adequately protect their medical, financial, and personal information and to provide timely and accurate notice of the data breach to Plaintiffs and the Class;

v.      whether Premera breached its duties to Plaintiffs and the Class by failing to provided adequate data security, and whether Premera breached its duty to Plaintiffs and the Class by failing to provide timely and accurate notice to Plaintiffs and the Class about the breach;

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

vi.    whether Premera violated HIPAA, thereby breaching its duties to Plaintiffs and the Class;

vii.   whether Premera violated the Washington Uniform Health Care Information Act;

viii.  whether Premera knew or should have known that its computer and network systems were vulnerable to attack from hackers;

ix.    whether Premera's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its computer and network systems, resulting in the loss of approximately eleven million subscribers' medical, financial, and personal information;

x.     whether Premera unlawfully failed to inform Plaintiffs and members of the Class that it did not maintain computer software and other security procedures sufficient to reasonably safeguard consumer financial and personal data; whether Premera failed to inform Plaintiffs and the Class of the data breach in a timely and accurate manner; and whether Premera employed affirmative concealment of material facts regarding the true nature and extent of the data breach;

xi.    whether an implied contract existed between Premera and Plaintiffs and members of the Class regarding Premera's safeguarding of the medical, financial, and personal information of Plaintiffs and the Class;

xii.   whether Premera breached its implied contracts with Plaintiffs and members of the Class by failing to safeguard the medical, financial, and personal information of Plaintiffs and the Class;

COMPLAINT
No. C15-539

- 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

xiii.     whether Plaintiffs and members of the Class suffered injury, including ascertainable losses, as a direct proximate result of Premera's affirmative conduct or failure to act; and

xiv.     whether Plaintiffs and the Class are entitled to recover actual damages, equitable relief, including injunctive relief, restitution, disgorgement and/or other equitable relief.

c.     <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all members of the Class were injured through Premera's uniform misconduct, as set forth herein, and assert the same claims for relief. The same event and conduct that gave rise to Plaintiffs' claims are identical to those that give rise to the claims of every other Class member, because Plaintiffs and each member of the Class are persons that have suffered injury as a direct and proximate result of the same conduct by Premera.

d.     <u>Adequacy</u>: Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class that they seek to represent; Plaintiffs have retained counsel competent and highly experienced in complex class action litigation; and Plaintiffs and their counsel intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and her counsel.

e.     <u>Superiority</u>: A class action is superior to other available means of fair and efficient adjudication of the claims of Plaintiffs and the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation. It would be virtually impossible for members of the Class individually to effectively redress Defendant's wrongdoing. Even if Class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    increases the delay and expense to all parties, and to the court system, presented

2    by the complex legal and factual issues of the case. By contrast, the class action

3    device presents far fewer management difficulties and provides the benefits of

4    single adjudication, economy of scale, and comprehensive supervision by a single

5    court.

6                                    **COUNT I**

7    **VIOLATION OF WASHINGTON DATA BREACH NOTIFICATION LAW,**

8                              **RCW § 19.255.010**

9                        **(on behalf of the Nationwide Class or,**

10                  **in the alternative, the Washington Class)**

11        56.    Plaintiffs reallege and incorporate by reference the allegations contained in the

12   foregoing paragraphs, as if fully set forth herein.

13        57.    Premera Blue Cross is a non-profit corporation that conducts business in the State

14   of Washington.

15        58.    In its ordinary course of business, Premera maintains computerized data that

16   contains medical, financial, and personal data owned by Plaintiffs and members of the class.

17        59.    In January, 2015, at the latest, Premera discovered a data breach resulting in

18   unauthorized acquisition of Plaintiffs' and members of the Class's computerized data maintained

19   and stored by Premera that compromised the security, confidentiality, or integrity of medical,

20   financial, and personal information.

21        60.    Such breach caused Plaintiffs' and members of the Class's medical, financial, and

22   personal information to be disclosed to an unauthorized person or persons.

23        61.    Premera did not publicly announce that breach until March 17, 2015, almost three

24   months later.

25        62.    Premera's failure to timely notify Plaintiffs and members of the Class that their

26   medical, financial and personal information was obtained by an unauthorized person or persons

27   violate this notification statute, and the delay between the date of intrusion and the date Premera

28

COMPLAINT
No. C15-539

- 16 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1  disclosed the data breach further evidence Premera's negligence in failing to exercise reasonable

2  care in safeguarding and protecting Plaintiffs' and Class members' medical, financial, and

3  personal information in Premera's possession.

4       63.    Plaintiffs and members of the Class suffered injuries and losses described herein

5  as a direct and proximate result of Premera's conduct resulting in the data breach, including

6  Premera's lack of adequate reasonable and industry-standard security measures, and delay in

7  notifying Plaintiffs and Class members of the breach.

8  **COUNT II**

9  **NEGLIGENCE**

10  **(on behalf of the Nationwide Class or,**

11  **in the alternative, the Washington Class)**

12       64.    Plaintiffs reallege and incorporate by reference the allegations contained in the

13  foregoing paragraphs, as if fully set forth herein.

14       65.    Premera owed a duty to Plaintiffs and members of the Nationwide Class ("Class"

15  as used in this Count), in part, because of their fiduciary relationship, to maintain confidentiality

16  and to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and

17  protecting their medical, financial, and personal information in its possession from being

18  compromised, lost, stolen, accessed, and misused by unauthorized persons. This duty included,

19  among other things, designing, maintaining, and testing Premera's security systems to ensure

20  that Plaintiffs' and Class members' medical, financial, and personal information in Premera's

21  possession was adequately secured and protected. Premera further owed a duty to Plaintiffs and

22  Class members to implement processes that would detect a breach of its security system in a

23  timely manner and to timely act upon warnings and alerts, including those generated by its own

24  security systems.

25       66.    Premera owed a duty to Plaintiffs and members of the Class to provide security

26  consistent with industry standards and requirements, to ensure that its computer systems and

27  networks, and the personnel responsible for them, adequately protected the medical, financial,

28

COMPLAINT
No. C15-539

- 17 -

1  and personal information of Plaintiffs and members of the Class who purchased insurance from

2  Premera.

3         67.     Premera owed a duty of care to Plaintiffs and Class members because they were

4  foreseeable and probable victims of any inadequate security practices. Premera solicited,

5  gathered, and stored the medical, financial, and personal data provided by Plaintiffs and

6  members of the Class to provide insurance services to its subscribers. Premera knew it

7  inadequately safeguarded such information on its computer systems and that hackers routinely

8  attempted to access this valuable data without authorization. Premera knew that a breach of its

9  systems would cause damages to Plaintiffs and members of the Class and Premera had a duty to

10 adequately protect such sensitive medical, financial, and personal information.

11        68.     Premera owed a duty to timely and accurately disclose to Plaintiffs and members

12 of the Class that their medical, financial, and personal information had been or was reasonably

13 believed to have been compromised. Timely disclosure was required, appropriate, and necessary

14 so that, among other things, Plaintiffs and members of the Class could take appropriate measures

15 to avoid unauthorized charges to their accounts, cancel or change usernames and passwords on

16 compromised accounts, monitor their account information and credit reports for fraudulent

17 activity, contact their banks or other financial institutions where the accounts were kept, obtain

18 credit monitoring and identity theft protection services, and take other steps to mitigate or

19 ameliorate the damages caused by Premera's misconduct.

20        69.     Plaintiffs and members of the Class entrusted Premera with their medical,

21 financial, and personal information on the premise and with the understanding that Premera

22 would safeguard their information, and Premera was in a position to protect against the harm

23 suffered by Plaintiffs and members of the Class as a result of the Premera data breach.

24        70.     Premera knew, or should have known, of the risks inherent in collecting and

25 storing the medical, financial, and personal information of Plaintiffs and members of the Class

26 who used credit and debit cards to make purchases at Premera stores, and of the critical

27 importance of providing adequate security of that information.

28

COMPLAINT
No. C15-539

- 18 -

71.     Premera's own conduct also created a foreseeable risk of harm to Plaintiffs and members of the Class. Premera's misconduct included, but was not limited to, its failure to take the steps and opportunities to prevent and stop the data breach as set forth herein. Premera's misconduct also included its decision not to comply with industry standards for the safekeeping and maintenance of the medical, financial, and personal information of Plaintiffs and Class members.

72.     Premera breached the duties it owed to Plaintiffs and members of the Class by failing to exercise reasonable care and implement adequate security systems, protocols, and practices sufficient to protect the medical, financial, and personal information of Plaintiffs and members of the Class.

73.     Premera breached the duties it owed to Plaintiffs and Class members by failing to properly implement technical systems or security practices that could have prevented the loss of the data at issue.

74.     Premera breached the duties it owed to Plaintiffs and members of the Class by failing to properly maintain their sensitive medical, financial, and personal information. Given the risk involved and the amount of data at issue, Premera's breach of its duties was entirely unreasonable.

75.     Premera breached its duties to timely and accurately disclose that Plaintiffs' and Class members' medical, financial, and personal information in Premera's possession had been or was reasonably believed to have been published or compromised.

76.     Premera's failure to comply with its legal obligations and with industry standards and regulations, and the delay between the date of intrusion and the date Premera disclosed the data breach further evidence Premera's negligence in failing to exercise reasonable care in safeguarding and protecting Plaintiffs' and Class members' medical, financial, and personal information in Premera's possession.

77.     Premera knew that Plaintiffs and members of the Class were foreseeable victims of a data breach of its systems because of laws and statutes that require Premera to reasonably

COMPLAINT
No. C15-539

- 19 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    safeguard sensitive payment information, including without limitation, HIPAA and the

2    Washington Uniform Health Care Information Act.

3        78.    Premera's wrongful and negligent breach of its duties owed to Plaintiffs and

4    members of the Class caused the breach of their medical, financial, and personal information.

5        79.    The injury and harm suffered by Plaintiffs and members of the Class was the

6    reasonably foreseeable result of Premera's failure to exercise reasonable care in safeguarding and

7    protecting Plaintiffs' and Class members' medical, financial, and personal information within

8    Premera's possession. Premera knew or should have known that its systems and technologies for

9    processing, securing, safeguarding, storing, and deleting Plaintiffs' and Class members' medical,

10   financial, and personal information were inadequate and vulnerable to being breached by

11   hackers.

12       80.    Plaintiffs and members of the Class suffered injuries and losses described herein

13   as a direct and proximate result of Premera's conduct resulting in the data breach, including

14   Premera's lack of adequate, reasonable and industry-standard security measures. Had Premera

15   implemented such adequate and reasonable security measures, Plaintiffs and Class members

16   would not have suffered the injuries alleged, as the Premera data breach would likely have not

17   occurred.

18       81.    Premera invited Plaintiffs and members of the Class to provide their medical,

19   financial, and personal information to Premera, including during the period of the Premera data

20   breach, with the mutual understanding that Premera had reasonable security measures in place to

21   protect its subscribers' medical, financial, and personal information.

22       82.    Premera's conduct warrants moral blame, as Premera continued to take

23   possession of Plaintiffs' and Class members' medical, financial, and personal information in

24   connection with Premera insurance services knowing, and without disclosing, that it had

25   inadequate systems to reasonably protect such information and even after Premera received

26   warnings and alerts that the data breach had occurred and was ongoing, and Premera failed to

27   provide timely and adequate notice to Plaintiffs and members of the Class as required by law.

28

COMPLAINT
No. C15-539

- 20 -

83.     Holding Premera accountable for its negligence will further the policies underlying negligence law and will require Premera and encourage similar companies that obtain and retain sensitive consumer medical, financial, and personal information to adopt, maintain and properly implement reasonable, adequate and industry-standard security measures to protect such customer information.

84.     Premera's special relationship with Plaintiffs and Class members further arises from Premera's special and critically important obligations under HIPAA and RCW § 70.02.045.

85.     As a direct and proximate result of Premera's negligent conduct, Plaintiffs and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT III

### BREACH OF CONTRACT

**(on behalf of the Nationwide Class or,**

**in the alternative, the Washington Class)**

86.     Plaintiffs reallege and incorporate by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

87.     When Plaintiffs and members of the Nationwide Class ("Class" as used in this Count) provided their medical, financial, and personal information to Premera in order to obtain Premera insurance services, Plaintiffs and members of the Class entered into contracts with Premera pursuant to which Premera agreed to safeguard and protect such information and to comply with all applicable federal, state, and local laws in connection with the provision of insurance services.

88.     Premera solicited and invited Plaintiffs and members of the Class to obtain Premera insurance services, or otherwise to provide medical, financial or personal information to Premera. Plaintiffs and members of the Class accepted Premera's offers and obtained Premera insurance services, or otherwise provided medical, financial or personal information to Premera, during the period of the Premera data breach.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

89.     Each time Plaintiffs and members of the Class obtained Premera insurance services, or otherwise provided medical, financial or personal information to Premera, it was obtained or provided pursuant to the mutually agreed upon contract with Premera under which Premera agreed to safeguard and protect Plaintiff' and Class members' medical, financial, and personal information, to comply with all applicable federal, state, and local laws in connection with insurance services, to comply with its own enumerated privacy policy which promised to prevent access to personal information except by authorized persons, and to timely and accurately notify them that such information was compromised and breached.

90.     Plaintiffs and Class members would not have provided and entrusted their medical, financial, and personal information to Premera in the absence of the contract between them and Premera.

91.     Plaintiffs and members of the Class fully performed their obligations under the contracts with Premera.

92.     Premera breached the contracts it made with Plaintiffs and Class members by failing to safeguard and protect the medical, financial, and personal information of Plaintiffs and members of the Class and by failing to provide timely and accurate notice to them that their medical, financial, and personal information was compromised in and as a result of Premera data breach.

93.     The losses and damages sustained by Plaintiffs and Class members as described herein were the direct and proximate result of Premera's breaches of the contracts between Premera and Plaintiffs and members of the Class.

## COUNT IV

## UNJUST ENRICHMENT

### (on behalf of the Nationwide Class or,

### in the alternative, the Washington Class)

94.     Plaintiffs reallege and incorporate by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

95.     Plaintiffs and members of the Nationwide Class ("Class" as used in this Count) conferred a monetary benefit on Premera in the form of monies paid for the purchase of goods from Premera during the period of the Premera data breach.

96.     Premera appreciates or has knowledge of the benefits conferred directly upon it by Plaintiffs and members of the Class.

97.     The monies paid for the purchase of insurance by Plaintiffs and members of the Class to Premera during the period of the Premera data breach were supposed to be used by Premera, in part, to pay for the administrative and other costs of providing reasonable data security and protection to Plaintiffs and members of the Class.

98.     Premera failed to provide reasonable security, safeguards, and protection to the medical, financial, and personal information of Plaintiffs and Class members and as a result, Plaintiffs and Class members overpaid Premera for insurance purchased from Premera.

99.     Under principles of equity and good conscience, Premera should not be permitted to retain the money belonging to Plaintiffs and members of the Class, because Premera failed to provide adequate safeguards and security measures to protect Plaintiffs' and Class members' medical, financial, and personal information that they paid for but did not receive.

100.    As a result of Premera's conduct as set forth in this Complaint, Plaintiffs and members of the Class suffered damages and losses as stated above, including monies paid for Premera products that Plaintiffs and Class members would not have purchased had Premera disclosed the materials facts that it lacked adequate measures to safeguard subscribers' data, and had Premera provided timely and accurate notice of the data breach, and including the difference between the price they paid for Premera's goods as promised and the actual diminished value of its goods and services.

101.    Plaintiffs and the Class have conferred directly upon Premera an economic benefit in the nature of monies received and profits resulting from unlawful overcharges to the economic detriment of Plaintiffs and the Class.

COMPLAINT
No. C15-539

- 23 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

102.    The economic benefit, including the monies paid and the overcharges and profits derived by Premera and paid by Plaintiffs and members of the Class, is a direct and proximate result of Premera's unlawful practices as set forth in this Complaint.

103.    The financial benefits derived by Premera rightfully belong to Plaintiffs and members of the Class.

104.    It would be inequitable under established unjust enrichment principles for Premera to be permitted to retain any of the financial benefits, monies, profits and overcharges derived from Premera's unlawful conduct as set forth in this Complaint.

105.    Premera should be compelled to disgorge into a common fund for the benefit of Plaintiffs and the Class all unlawful or inequitable proceeds received by Premera.

106.    A constructive trust should be imposed upon all unlawful or inequitable sums received by Premera traceable to Plaintiffs and the Class.

107.    Plaintiffs and the Class have no adequate remedy at law.

**COUNT V**

**COMMON LAW INVASION OF PRIVACY**

**(on behalf of the Nationwide Class or,**

**in the alternative, the Washington Class)**

108.    Plaintiffs reallege and incorporate by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

109.    Plaintiffs and members of the Class have privacy rights in their medical records and personal and financial information.

110.    Premera publicized the private medical, financial, and personal information of Plaintiffs and members of the Class by making such information accessible to non-authorized persons.

111.    Due to Premera's conduct causing the data breach, medical, financial, and personal private information of Plaintiffs and members of the Class has been exposed to a large number of criminals on the cyber black market.

COMPLAINT
No. C15-539

- 24 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

112.     Unauthorized persons did view at least one record, as Plaintiff Maria S. Webb suffered from identity theft.

113.     The publicity of Plaintiffs' and members of the Class's medical, financial, and personal information is highly offensive.

114.     Plaintiffs' and members of the Class's medical, financial, and personal information are not of legitimate concern to the public.

115.     Plaintiffs and members of the Class were harmed by this invasion of privacy as a result of the harm to their interest in privacy resulting from the invasion and damage incurred as a result of time, effort, and expense to address this invasion of privacy and protect against further invasion and publication.

**REQUEST FOR RELIEF**

Plaintiffs, on behalf of themselves and the Classes set forth herein, respectfully request the following relief:

A.     That the Court certify this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and, pursuant to Fed. R. Civ. P. 23(g), appoint the named Plaintiffs to be Class representative and her undersigned counsel to be Class counsel;

B.     That the Court award Plaintiffs and the Classes appropriate relief, including actual damages, restitution and disgorgement;

C.     That the Court award Plaintiffs and the Class equitable, injunctive and declaratory relief as maybe appropriate. Plaintiff, on behalf of the Classes, seeks appropriate injunctive relief designed to ensure against the recurrence of a data breach by adopting and implementing best security data practices to safeguard subscribers' medical, financial, and personal information and that would include, without limitation, an order and judgment directing Premera to (1) encrypt all sensitive medical, financial, and personal data beginning in all places in which that data is stored; (2) comply with the OPM recommendations and all other applicable industry standards; (3) comply with the RCWand/or other similar laws and standards protecting medical data; and (5) directing Premera to provide to Plaintiffs and Class members extended credit monitoring services

COMPLAINT
No. C15-539

- 25 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1   and identity theft protection services to protect them against the ongoing harm presented by the

2   data breach.

3       D.      That the Court award Plaintiffs and the Classes pre-judgment and post-judgment

4   interest to the maximum extent allowable;

5       F.      That the Court award Plaintiffs and the Classes reasonable attorneys' fees and

6   costs as allowable;

7       G.      Such additional orders or judgments as maybe necessary to prevent these

8   practices and to restore any interest or any money or property which may have been acquired by

9   means of the violations set forth in this Complaint; and

10      H.      That the Court award Plaintiffs and the Classes such other favorable relief as

11  allowable under law or at equity.

12                          **JURY TRIAL DEMANDED**

13      Plaintiffs demands a trial by jury on all issues so triable.

14

    Dated: April 1, 2015

15

16                          s/ *Cliff Cantor*
                            Cliff Cantor, WSBA # 17893
17                          Law Offices of Clifford A. Cantor, P.C.
                            627 208th Ave. SE
18                          Sammamish, WA 98074
                            Tel:    (425) 868-7813
19                          Fax:    (425) 732-3752
                            Email: cliff.cantor@outlook.com
20

21                          Bryan L. Clobes
                            Kelly L. Tucker
22                          Cafferty Clobes Meriwether & Sprengel, LLP
                            1101 Market St., Suite 2650
23                          Philadelphia, PA 19107
                            Tel:    (215) 864-2800
24                          Fax:    (215) 864-2810
                            Email: bclobes@caffertyclobes.com
25                                  ktucker@caffertyclobes.com

26

27                          Harris L. Pogust
                            Andrew J. Sciola
28

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

Pogust Braslow & Millrood, LLC
161 Washington St., Suite 1520
Conshohocken, PA 19428
Tel:     (610) 941-4204
Fax:     (610) 941-4248
Email: hpogust@pbmattorneys.com

Attorneys for Plaintiffs

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752